**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 14-143-DLB-CJS**

**MARK SHAPIRO**                                                                    **PLAINTIFF**


**vs.**                     **ORDER ADOPTING REPORT & RECOMMENDATION**


**FIDELITY INVESTMENTS INSTITUTIONAL**
**OPERATIONS COMPANY, INC.**                                         **DEFENDANT**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This matter is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Candace J. Smith (Doc. # 26), wherein she recommends the following: Defendant Fidelity Investments Institutional Operations Company, Inc's Motion to Dismiss (Doc. # 11) be granted; Plaintiff Mark Shapiro's Motion for Leave to File a Second Amended Complaint be denied (Doc. # 15); and Fidelity's Alternative Motion to Dismiss Plaintiff's Second Amended Complaint be denied as moot. (Doc. # 26). Shapiro having filed objections (Doc. # 29), and Fidelity having responded (Doc. # 31), this matter is ripe for review.

I.      **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1), a district court conducts a *de novo* review of those parts of a report and recommendation "to which objection is made." A petitioner's objections must be specific; "vague, general, or conclusory objections . . . [are] tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing

1

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  Further, a petitioner's failure to raise an argument before the magistrate constitutes waiver.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## II.     Factual and Procedural Background

Shapiro does not object to the Magistrate Judge's recitation of the relevant facts, so the Court will rely on the R&R in providing a brief factual summary.  Shapiro is currently serving a federal prison sentence pursuant to a March 2006 conviction.  He alleges that on July 26, 2006, Fidelity, without his knowledge or consent, issued a $19,765.50 liquidation check from his 401(k) account payable jointly to him and an individual named Travis Suber. After learning that his 401(k) had been liquidated, Shapiro, through counsel, contacted Fidelity about the matter.  On August 30, 2006, Fidelity responded by sending Shapiro's counsel an affidavit of forgery and a copy of the liquidation check.

Shapiro completed and returned the affidavit of forgery in September 2006, and in November 2006, sent Fidelity a letter requesting reimbursement of his 401(k) funds.  After waiting nearly eight years with no response, Shapiro sent Fidelity a May 15, 2014 letter requesting confirmation that his account had been refunded.  Fidelity responded with a May 29, 2014 letter informing Shapiro that his 401(k) plan had been terminated effective November 6, 2006. The letter did not indicate whether his 401(k) had been reimbursed.

Shapiro filed a *pro se* Complaint against Fidelity on August 1, 2014, alleging negligence and breach of fiduciary duty under the Employee Retirement and Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA).  Fidelity filed a Motion to Dismiss (Doc. # 11), and in response Shapiro filed a Motion for Leave to File a Second Amended Complaint (Doc. # 15).  Fidelity filed a Response in Opposition to Shapiro's Motion for

Leave to Amend (Doc. # 16), and in the alternative, a Motion to Dismiss Shapiro's proposed Second Amended Complaint (Doc. # 25).  Shapiro filed a Reply in Support of his Motion for Leave (Doc. # 21) and a Response to Fidelity's Alternative Motion to Dismiss (Docs. # 22), to which Fidelity filed a Reply (Doc. # 23).

### III.   Magistrate Judge Smith's R&R

The Court referred this matter to Magistrate Judge Smith for a R&R on all dispositive motions pursuant to 28 U.S.C. § 636(b).  (Doc. # 17).  Magistrate Judge Smith's R&R makes the following recommendations.  First, Fidelity's Motion to Dismiss (Doc. # 11) should be granted.  Shapiro stipulated he is no longer pursuing a state-law negligence claim.  (Doc. # 26 at 7, citing Doc. # 15 at 1-2).  Meanwhile, the breach of fiduciary claims under ERISA are time barred pursuant to 29 U.S.C. § 1113's six-year statute of limitations. (Doc. # 26 at 8).  Specifically, Fidelity issued the liquidation check in July 2006, but Shapiro did not file the present suit until August 1, 2014.  (*Id.*).

Second, Shapiro's Motion for Leave to File his Second Amended Complaint should be denied as futile, and therefore Fidelity's Alternative Motion to Dismiss Plaintiff's Second Amended Complaint should be denied as moot.  (Doc. # 26).  In Shapiro's proposed Second Amended Complaint, he acknowledges that he was advised in August 2006 that his 401(k) account had been liquidated.  (Doc. # 26 at 13 citing Docs. # 15-1 at ¶ 6 and 15-2 at ¶ 10).  The "concealment" exception to the statute of limitations does not apply because Shapiro's allegations merely demonstrate inaction on the part of Fidelity, not affirmative steps taken to conceal a breach of fiduciary duty.  (Doc. # 26 at 12-13). Moreover, Shapiro cannot demonstrate that he acted with due diligence based on his decision to wait until May 2014 to follow up on his November 2006 request to have his

3

funds reimbursed.  (Doc. # 26 at 13).  Finally, Fidelity's failure to reimburse Shapiro's funds after it issued the July 2006 liquidation check does not amount to a "continuing violation" that would toll the statute of limitations.  (Doc. # 26 at 14).

The R&R notes that Shapiro has asked the Court, in his Response to Fidelity's Alternative Motion to Dismiss (Doc. # 22), to construe his Complaint as an attempt to "recover rights" and "enforce rights" due to him under the terms of his 401(k) plan.  (Doc. # 26 at 16 citing Doc. # 22 at 9).  To the extent Shapiro has attempted to state a claim under § 1132(a)(2), the R&R recommends it is time barred pursuant to § 1113.  (Doc. # 26 at 16).  If Shapiro is attempting to bring a cause of action under § 1132(a)(1)(B), which allows a plan participant to challenge a denial of benefits, he has failed to exhaust administrative remedies.  (Doc. # 26 at 17).

## IV.    Shapiro's Objections

Shapiro objects to the recommendation that it would be futile to allow him leave to file his proposed Second Amended Complaint.  He raised the following three specific arguments:

(i)      The concealment exception to the statute of limitations applies to his breach of fiduciary duty claim.

(ii)      Fidelity's failure to reimburse his account amounted to a continuing violation, and/or a separate breach of fiduciary duty.

(iii)      It would be futile for him to exhaust administrative remedies with respect to his § 1132(a)(1)(B) claim.

## V.    Analysis

### A.    The concealment exception to the statute of limitations does not apply

Magistrate Judge Smith rejected Shapiro's argument that the concealment exception to the statute of limitations applies.  He states that was error, submitting that he followed all the proper procedures and therefore Fidelity had a duty to either reimburse his account or advise him that it was not going to do so.  He specifically takes issue with the R&R's conclusion that inaction cannot amount to active concealment, arguing that it is impossible to know what Fidelity's motives were at this stage of the litigation and that discovery should be permitted.  In support, he cites *Krohn v. Huron Mem. Hosp.*, 173 F.3d 542, 548 (6th Cir. 1999).  (Doc. # 29 at 3-4).

As correctly stated in the R&R, "inaction . . . does not rise to the level of active concealment, which is more than merely a failure to disclose."  (Doc. # 26 at 13, quoting *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010)).  Rather, in order for Shapiro to invoke the fraud or concealment exception to the statute of limitations, he must show that Fidelity engaged in "some trick or contrivance intended to exclude suspicion and prevent inquiry."  *Brown*, 622 F.3d at 574.  Shapiro's proposed Second Amended Complaint contains no facts that could plausibly lead to such a finding.

Shapiro suggests that "it is impossible to know what Fidelity's motives were in *not informing* [him] that it *failed to reimburse* his account."  (Doc. # 29 at 3) (emphasis added).  Fidelity's motives are irrelevant.  Contrary to Shapiro's arguments, its failure to inform him that it would not reimburse his funds does not constitute the type of action that triggers the concealment exception.  *Brown*, 622 F.3d at 574 ("Concealment by mere silence is not enough.").  Second, the Court rejects as implausible Shapiro's argument that Fidelity

5

tricked him into believing it was going to reimburse his 401(k) account by *not* reimbursing his 401(k) account. Fidelity's only alleged misconduct was its disbursement of Shapiro's 401(k) funds in 2006, which occurred more than six years before Shapiro filed his Complaint in August 2014. Because there is no allegation that Fidelity took action designed to cover up the 2006 disbursement, Shapiro cannot avail himself of the concealment exception.

Shapiro has cited *Krohn v. Huron Memorial Hospital* in support of his argument, quoting the following language: "duty to inform is a constant thread in the relationship between beneficiary and trustee; it entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful." 173 F.3d at 548. Shapiro's reliance on *Krohn*, however, is misplaced. *Krohn* did not deal with the concealment exception to the statute of frauds. Rather, it held that an ERISA plan administrator can breach a fiduciary duty by failing to adequately respond to a participant's inquiries. *See id.* at 547-48. The present issue before the Court is not whether Fidelity breached a fiduciary duty, but whether Shapiro has pled facts that could plausibly demonstrate the statute of limitations should be tolled. As *Brown* teaches, in determining whether there is action constituting concealment, "mere silence is not enough." 622 F.3d at 574.

Even if the Court were to entertain Shapiro's objection that Fidelity took action designed to conceal its alleged fiduciary breach, Shapiro has not addressed the R&R's alternative holding that he has failed to show he had no knowledge of the breach despite his own diligence. (Doc. 26 at 12-13); *Brown*, 622 F.3d at 573-74 (holding that the fraud exception requires an ERISA plaintiff to show due diligence and further holding that a

defendant cannot conceal from a plaintiff what he already knows). As the R&R notes, Plaintiff reached out to Fidelity in November 2006 regarding his 401(k) funds, but then took no action until his follow-up letter in May 2014. Magistrate Judge Smith found that Shapiro therefore already knew about the 401(k) disbursement before the alleged concealment and further found that his seven-and-a-half year period of inaction foreclosed an argument that he pursued his claim with diligence. (Doc. # 26 at 13). The Court agrees with both findings, and concludes that they provide alternative reasons why the concealment exception does not apply. *Brown*, 622 F.3d at 573-74.

> **B.      Fidelity's failure to reimburse Shapiro's account did not amount to a continuing violation, and/or a separate breach of fiduciary duty**

According to Shapiro, Fidelity's failure to fully reimburse his account was a separate and ongoing breach, and the statute of limitations therefore did not begin to run until September 2014 when Fidelity informed him that it would not refund his account. (Doc. # 29 at 3-4). In support, Shapiro submits that Fidelity initially took some action, including recovering partial reimbursement from the bank that cashed the liquidation check, but then stopped. He believes Fidelity's failure to reimburse the remainder of his account should be viewed as a separate breach.

Shapiro's objections fail to adequately address Magistrate Judge Smith's conclusion that he has failed to allege the necessary elements of a continuing violation; to wit, that Fidelity committed a wrongful act *after* 2006. As the R&R points out, for the continuing violation doctrine to apply, the "defendant's wrongful conduct must continue after the precipitating event that began the pattern." (Doc. # 26 at 14 citing *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)). Importantly, "[p]assive inaction ...

does not support a continuing violation theory." *Tolbert*, 172 F.3d at 940; *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 637 (6th Cir. 2007) ("[M]ere inaction is not enough to satisfy the [continuing violation] doctrine.").

Shapiro argues in his Objections that Fidelity initially took some action to refund his account, but then stopped. Yet, even if Fidelity did partially refund his 401(k) account, that was not the wrongful act. A breach of fiduciary duty occurred, if at all, when Fidelity liquidated his account in 2006. Contrary to Shapiro's argument, that was a discrete act, not a continuing violation. If statutes of limitation did not begin to run until the breaching party made the plaintiff whole, the exception would swallow the rule. Courts within the Sixth Circuit have repeatedly refused to apply the continuing violations doctrine to ERISA claims, and the Court sees no reason to depart from that trend here. *See Med. Mut. of Ohio v. k. Amalia Enter. Inc.*, 548 F.3d 383, 394 (6th Cir. 2008); *Edwards v. U.S. Dept. of Energy*, 371 F. Supp.2d 859, 869 (W.D. Ky. 2005), *aff'd* 200 F. App'x 382 (6th Cir. 2006); *Shaid v. Chrysler, LLC*, 2008 WL 2397635 *3 (E.D. Mich. June 11, 2008).

**C.     Shapiro has failed to state a claim for relief with respect to his § 1132(a)(1)(B) claim**

In his Response to Fidelity's Alternative Motion to Dismiss, Shapiro has asked the Court to construe his Complaint as stating a claim under § 1132. (Doc. # 22 at 9). The Court will oblige since he is proceeding *pro se*. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The R&R correctly notes that any claim under § 1132(a)(2) is time barred because, like Shapiro's other claims, it is subject to § 1113's statute of limitations. (Doc. # 26 at 16, citing *Wright v. Heyne*, 349 F.3d 321, 327 (6th Cir. 2003)). Shapiro does not object to that recommendation. He does, however, object to Magistrate Judge Smith's

8

recommendation that his failure to exhaust administrative remedies means his §

1132(a)(1)(B) claim should be dismissed without prejudice.  Shapiro contends that Fidelity

did not explain the administrative remedies that would be available and did not provide a

copy of the 401(k) plan's terms.  He further suggests that the futility exception should apply

because Fidelity indicated that it terminated the 401(k) plan in 2006.  (Doc. # 29 at 5).

"[I]t is well settled that ERISA plan beneficiaries must exhaust administrative

remedies prior to bringing a suit for recovery on an individual claim" unless "exhausting

administrative remedies would amount to an exercise in futility."  *Hill v. Blue Cross and Blue*

*Shield of Mich.*, 409 F.3d 710, 717-18 (6th Cir. 2005).  The administrative remedies here

are outlined in Section 19.03 of the governing plan. (Doc. # 31-1).  Shapiro does not allege

that he took action to pursue those administrative remedies.  Morever, his contentions that

Fidelity did not explain the available administrative remedies and did not provide him a copy

of the plan miss the mark because Shapiro does not allege that he ever asked for an

explanation of the administrative procedure or a copy of the plan.

Shapiro submits that the futility exception is applicable because the plan terminated

in 2006.  His failure to raise this argument before the Magistrate Judge would normally

result in its waiver, *Murr*, 200 F.3d at 902 n.1, but based on the liberal pleading standards

afforded *pro se* litigants, the Court will allow him to raise it for the first time here.  Shapiro's

objection has merit.  Indeed, Fidelity states that it "does not disagree with this notion."

(Doc. # 31 at 4).  Since the plan no longer exists, Shapiro has met his burden of showing

that the administrative remedy is now inadequate.  *Coomer v. Bethesda Hosp., Inc.*, 370

F.3d 499, 505 (6th Cir. 2004) ("Failure to exhaust administrative remedies is excused

where resorting to the plan's administrative procedure would simply be futile or the remedy

inadequate.").

Shapiro's motion for leave to file a § 1132(a)(1)(B) claim will be denied, however, because he has failed to state a claim upon which relief can be granted.   Section 1132(a)(1)(B) allows an employee benefit plan participant to bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."   Thus, in order to properly allege a § 1132(a)(1)(B) claim, a plaintiff must allege some right due to him under the *terms of the plan*.   *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 (6th Cir. 2007) (noting that § 1132(a)(1)(B) requires a beneficiary to prove that he is "entitled to the benefit under the terms of the plan").

As Fidelity correctly points out, Shapiro identifies no specific right or benefit under the 401(k) plan that he would seek to enforce.   To be sure, he has not referenced any provision in the plan nor has he submitted a copy of the plan into the record.   *Ogden v. Mich. Bell Tel. Co.*, 595 F. Supp. 961, 966 (E.D. Mich. 1984) ("[Section]1132(a)(1)(B) is not open ended. In order to maintain an action under this sub-section, a plaintiff must be seeking to assert rights 'under the terms of his plan.'  The employee benefit plan itself must be the basis of such an action.").   Moreover, Shapiro does not allege in his proposed Second Amended Complaint that he was denied benefits.   (Doc. # 15-2).   Instead, he states that he is "seeking damages for breach of fiduciary duty."   (*Id.* at ¶ 1).   Because it would be futile to allow Shapiro to assert a § 1132(a)(1)(B) claim, his Motion for Leave to Amend (Doc. # 15) is denied.

One final matter deserves brief comment.   Even if the Court were to find that Fidelity denied Shapiro benefits under the terms of his plan, his § 1132(a)(1)(B) claim would still

be futile because it is time-barred.  ERISA does not provide a statute of limitations for §

1132(a)(1)(B) claims, so "the most analogous state law statute of limitations" applies.

*Redmon v. Sud-Chemie Inc. Ret. Plan for Union Employees*, 547 F.3d 531, 534 (6th Cir.

2008).  For § 1132(a)(1)(B) claims brought in Kentucky, the "most analogous ... statute of

limitations is five years under KRS § 413.120(2)."  *Id.* at 537; *Fallin v. Commonwealth*

*Indus., Inc.*, 695 F.3d 512, 515 (6th Cir. 2012).  A § 1132(a)(1)(B) cause of action accrues

when "a fiduciary gives a claimant clear and unequivocal repudiation of benefits."  *Redmon*,

547 F.3d at 538.  Shapiro contends that Fidelity did not deny his benefits until May 2014

when it informed him that his plan had been terminated.  (Doc. # 22 at 10).  However, the

Court finds that if Fidelity gave a repudiation of Shapiro's 401(k) benefits, it did so in

November 2006, when it disbursed his assets to another individual without his permission

and then failed to immediately reimburse his account at his request.    Section

1132(a)(1)(B)'s five-year statute of limitations therefore expired well before Shapiro filed his

original Complaint in August 2014.

Raising this issue *sua sponte* is appropriate for two reasons.  First, Shapiro's §

1132(a)(1)(B) claim is before the Court only because of the liberal pleading standards

afforded to pro se litigants.  It is not asserted in his Amended Complaint nor his proposed

Second Amended Complaint.  By raising the issue near the end of briefing, he provided

Fidelity with a limited opportunity to respond.  Second, Fidelity raised the statute of

limitations defense with respect to Shapiro's additional ERISA claims, giving him notice and

an opportunity to argue why the statute of limitations should be tolled.  *See Day v.*

*McDonough*, 547 U.S. 198, 210 (2006).  Therefore, the Court's conclusion *supra* that there

is no basis for tolling applies with equal force to Shapiro's § 1132(a)(1)(B) claim.

## VI.   CONCLUSION

Accordingly, for the reasons stated herein, **ITS IS HEREBY ORDERED** that:

(1)   Magistrate Judge Smith's R&R is **ADOPTED** as the findings of fact and conclusions of law of the Court, **EXCEPT** as it pertains to the recommendation that Plaintiff Mark Shapiro failed to exhaust administrative remedies with respect to his 29 U.S.C. § 1132(a)(1)(B) claim.   Although the Court sustains Shapiro's objection that exhausting administrative remedies would be futile, the Court finds that Shapiro's 29 U.S.C. § 1132(a)(1)(B) claim fails to state a claim upon which relief can be granted.

(2)   Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 11) is **GRANTED**;

(3)   Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. # 15) is **DENIED WITH PREJUDICE** as futile;

(4)   Defendant's Alternative Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 25) is **DENIED AS MOOT**;

(5)   This matter is **DISMISSED** and **STRICKEN** from the active docket of this Court.

This 27th day of August, 2015.



Signed By:
David L. Bunning   _DB_
United States District Judge

G:\DATA\ORDERS\Cov14\14-143 Order adopting R&R.wpd